1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8

SANER WYRICK,                                    2:12-CV-566 JCM (GWF)

9                              Plaintiff(s),

10    v.

11

12    AMERICAN FAMILY MUTUAL
      INSURANCE COMPANY, et al.,

13                              Defendant(s).

14

15                                      **ORDER**

16         Presently before the court is defendant American Family Mutual Insurance Company's

17    motion for partial summary judgment. (Doc. # 21). To date, plaintiff Saner Wyrick has not

18    responded.

19    **I.      Factual background**

20         This dispute arises from an insurance dispute between an insured, plaintiff Saner Wyrick, and

21    an insurance company, defendant American Family Mutual Insurance Company. On September 3,

22    2010, plaintiff was involved in an automobile accident involving a four car rear-end accident in Las

23    Vegas, Nevada. (Doc. # 22, Ex. D). Plaintiff was not at fault in the accident. The same day, plaintiff

24    sought medical treatment at Spring Valley Hospital and was diagnosed with a neck and back sprain.

25         A few days later, on September 7, 2010, plaintiff contacted defendant to advise that she had

26    been involved in an auto accident. (Doc. # 24, Ex. L). About two months later, on November 18,

27    2010, defendant confirmed that the insurance carrier for the tortfeasor was accepting liability for the

28

James C. Mahan
U.S. District Judge

1  accident; the tortfeasor liability limit was $25,000. (*Id.*, Ex. P). Upon determining that the

2  tortfeasor's carrier was accepting liability, defendant closed its file because it did not appear there

3  would be any uninsured motorist (UIM) exposure.

4      On May 25, 2011, defendant received a policy limit demand from plaintiff's counsel. (*Id.*,

5  Ex. Q).  The demand letter advised that plaintiff had past and future medical expenses associated

6  with medical treatment for neck and back injuries and sought lost wages and damages for loss of

7  consortium. (*Id.*, Ex. R). Prior to this demand letter, plaintiff had not provided any information as

8  to the type of injuries she sustained in the accident and had not signed a medical authorization form

9  to permit defendant to independently gather plaintiff's medical records and bills.

10      Following receipt of the demand letter, defendant investigated the claim and defendant's

11  medical services department determined that only a portion of the medical treatment claim was

12  related to the accident. (Doc. # 22, Ex. E). Defendant also sought the medical opinion of Dr. Karyn

13  Doddy to assist in its investigation of plaintiff's claim. Dr. Doddy also concluded that some of

14  plaintiff's medical treatment was not medically necessary. (*Id.*, Ex. F). Based on the opinions of its

15  medical services department and Dr. Doddy, defendant determined that $13,198 of plaintiff's

16  medical expenses were for injuries sustained in the accident. (Doc. # 23, Ex. H). Defendant

17  considered the offset of $25,000 for tortfeasor liability and concluded that plaintiff was owed an

18  additional $3,000 in UIM benefits. (*Id.*).

19      On December 22, 2011, defendant communicated this offer to plaintiff via telephone and sent

20  correspondence to plaintiff's counsel confirming the same. (*Id.*, Ex. H & Ex. I). Defendant did not

21  receive a response from plaintiff or plaintiff's counsel and made two attempts to follow-up to

22  communicate with plaintiff regarding this offer. (*Id.*, Ex. J & Ex. K).

23      On March 1, 2012, plaintiff filed the instant lawsuit alleging that defendant (1) breached the

24  insurance contract; (2) violated the unfair claims practices act, NRS § 686A.310 *et seq.*; and (3)

25  breached the covenant of goof faith and fair dealing. (Doc. # 1). Plaintiff seeks compensatory,

26  consequential, and punitive damages. (*Id.*). Following initiation of litigation, defendant represents

27  that it paid out the $50,000 UIM limits in an effort to resolve plaintiff's claim, even though it

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

maintains it had a good faith basis for its initial offer of $3,000.[1]

Defendant moves for partial summary judgment as to plaintiff's third cause of action for breach of covenant of good faith and fair dealing; plaintiff's prayer for punitive damages; and plaintiff's second cause of action for violation of NRS § 686A.310 *et seq*. (Doc. # 21). Plaintiff has not responded.

## II.    Legal standard

Pursuant to Local Rule 7-2(d), an opposing party's failure to file a timely response to any motion constitutes the party's consent to the granting of the motion and is proper grounds for dismissal. A court cannot, however, grant a summary judgment motion merely because it is unopposed, even where its local rules might permit it. *Henry v. Gill Indus., Inc.,* 983 F.2d 943, 949-50 (9th Cir. 1993); *see also Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (a district court cannot grant a motion for summary judgment based merely on the fact that the opposing party failed to file an opposition). Even without an opposition, the court must apply standards consistent with Fed.R.Civ.P. 56, determining if the moving party's motion demonstrates that there is no genuine issue of material fact and judgment is appropriate as a matter of law. *Id.* at 950. *See also Clarendon Am. Ins. Co. v. Jai Thai Enterprises, LLC*, 625 F. Supp. 2d 1099, 1103 (W.D. Wash. 2009).[2]

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

. . .

---

[1] This offer of policy limits may have mooted this action as indicated by plaintiff's failure to respond.

[2] "[S]mmary judgment cannot be granted by default, even if there is a complete failure to respond to the motion." Fed.R.Civ.P. 56, 2010 cmt. to subdivision (e). The court may only grant summary judgment if "the motion and supporting materials ... show that the movant is entitled to it." Fed.R.Civ.P. 56(e).

1    In determining summary judgment, a court applies a burden-shifting analysis. "When the

2    party moving for summary judgment would bear the burden of proof at trial, it must come forward

3    with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.

4    In such a case, the moving party has the initial burden of establishing the absence of a genuine issue

5    of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213

6    F.3d 474, 480 (9th Cir. 2000) (citations omitted).

7    In contrast, when the nonmoving party bears the burden of proving the claim or defense, the

8    moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential

9    element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to

10   make a showing sufficient to establish an element essential to that party's case on which that party

11   will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails

12   to meet its initial burden, summary judgment must be denied and the court need not consider the

13   nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

14   If the moving party satisfies its initial burden, the burden then shifts to the opposing party

15   to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*

16   *Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing

17   party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the

18   claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions

19   of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th

20   Cir. 1987).

21   **III.    Discussion**

22   The court addresses each of defendant's arguments in turn.

23   **A.    Breach of covenant of good faith and fair dealing**

24   "Under Nevada law, 'bad faith' exists where insurer denies claim without any reasonable

25   basis and with knowledge that no reasonable basis exists to deny claim." *Schumacher v. State Farm*

26   *Fire & Cas. Co.*, 467 F. Supp. 2d 1090, 1095 (D. Nev. 2006) (citing *U.S. Fidelity & Guar. Co. v.*

27   *Peterson*, 540 P.2d 1070 (Nev. 1975)).

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

Here, there is no evidence of bad faith because defendant did not deny plaintiff's claim. Rather, plaintiff alleges that the amount offered under the policy was less than what it should have been, which is insufficient to show bad faith. *See id.* at 1096 (finding that such an allegation "makes the complaint more of one based upon statutory violations of NRS 686A.310 than it does a bath faith action"). Accordingly, defendant's motion for summary judgment is granted as to this claim for relief.

### B.    Punitive damages

A plaintiff must demonstrate by clear and convincing evidence that the defendant is guilty of oppression, fraud or malice, express or implied, to receive an award of punitive damages. NRS § 42.005(1). This standard requires that the plaintiff produce evidence "so clear as to leave no substantial doubt[,]" *Wynn v. Smith*, 16 P.3d 424, 431 (Nev. 2001), that the defendant "acted with a culpable state of mind," *Countrywide Home Loans, Inc. v. Thitchener*, 192 P.3d 243, 255 (Nev. 2008). Where a plaintiff has not met this burden, the court may deny a claim for punitive damages as a matter of law. *See e.g.*, *Warmbrodt v. Blanchard*, 692 P.2d 1282, 1286 (Nev. 1984) (superseded by statute on other grounds) (holding permissible a trial court's refusal to give a punitive damages instruction where evidence to support such damages had not been received in the case).

In the instant case, plaintiff has failed to present any evidence that defendant is guilty of oppression, fraud or malice, either express or implied. Defendant never denied plaintiff's claim, and whereas a dispute over  the amount to be paid under the agreement is insufficient to support a claim for bad faith, as noted above under *Schumacher*, 467 F. Supp. 2d at 1096, the court similarly finds the allegation insufficient to support a claim for punitive damages. Summary judgment is appropriate as to this claim for relief.

### C.    Violation of the unfair claims practices act, NRS § 686A.310, *et seq.*

Plaintiff alleges that the defendant violated NRS § 686A.310 in handling her claim. Plaintiff does not identify which specific provisions she claims defendant violated. To the extent that plaintiff is alleging that she was not offered fair compensation for her injuries–plaintiff has not put forth any evidence to support a claim that she was entitled to the entire contract benefits when the UIM claim

**James C. Mahan**
**U.S. District Judge**

was presented to defendant. The ultimate issue is whether all the injuries claimed by plaintiff in presenting her UIM claim were the result of injuries sustained in the accident and whether defendant's investigation and evaluation of plaintiff's claim was reasonable.

The evidence presented demonstrates that defendant informed plaintiff of her available coverage, determined liability, investigated plaintiff's injury claim with the assistance of medical professionals, evaluated plaintiff's claim, communicated the evaluation with plaintiff, and extended an offer. Further, defendant has provided the expert opinion of Steve Plitt,[3] who has opined that based on Dr. Doddy's independent medical review, it was not unreasonable for defendant to reach its conclusion that the value of plaintiff's claim was a total of $28,000. Further, Plitt also held the opinion that the value of plaintiff's UIM claim was uncertain and fairly debatable. Plaintiff has not put on any evidence that she was not offered fair compensation for her claim.

Defendant is entitled to summary judgment to the extent plaintiff's claim under NRS § 686A.310 is predicated on any of the conduct discussed *supra*. However, the court finds that there remains a genuine issue of material fact as to whether defendant violated some provisions in NRS § 686A.310 not specifically addressed in defendant's motion or discussed herein. Further, defendant conceded that there may have been technical violations of NRS § 686A.310 that defeat summary judgment as to all of this claim. (*See* doc. # 21, 19:27-20:2).

. . .

. . .

. . .

. . .

. . .

. . .

. . .

_____

[3] Plitt is an attorney practicing in the field of insurance law and who is an adjunct profession at the University of Arizona's College of Law teaching insurance law curriculum and has previously been an adjunct professor of law at Arizona State University. Plitt has also authored numerous peer reviewed articles related to insurance bad faith. (Doc. # 25. Ex. X). The court finds him qualified under Fed R. Evid. 702.

**James C. Mahan**
**U.S. District Judge**

1    **IV.     Conclusion**

2            Accordingly,

3            IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant American

4    Family Mutual Insurance Company's motion for partial summary judgment (doc. # 21) be, and the

5    same hereby is, GRANTED in part and DENIED in part.

6            DATED August 8, 2013.

7

8    _____
     **UNITED STATES DISTRICT JUDGE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 7 -